IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN CRAIG, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>XLEAR, INC., a Utah corporation; and NATHAN JONES, an individual,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:16-cv-392-DB<br><br>District Judge Dee Benson |

Before the court are three Motions: 1) Defendants' Motion for Partial Summary Judgment (Dkt. No. 64); 2) Defendants' Motion in Limine to Exclude Evidence Regarding this Court's Prior Summary Judgment Ruling (Dkt. No. 65); and 3) Plaintiff's Motion for Summary Judgment on Xlear, Inc.'s Counterclaim. (Dkt. No. 67.) The Motions have been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the Motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. DUCivR 7-1(f).

Defendants' Motion for Partial Summary Judgment

In their Motion, Xlear, Inc. ("Xlear") and Nathan Jones ("Jones") (collectively, "Defendants") seek summary judgment on Plaintiff's first cause of action for breach of fiduciary duty against Jones. (Dkt. No. 64.) Defendants argue that the amendment of U.C.A. § 16-10a-622(3) in May of 2010 eliminated any unique fiduciary duties with respect to shareholders in closely held corporations. Even assuming that Defendants' interpretation of the impact of the

amendment is correct, the court finds that the alleged facts here are sufficient to survive a Motion for Summary Judgment. Plaintiff alleges that Jones, as officer and director of Xlear, forced Plaintiff out of his employment with Xlear and then months later wrongly stated that the termination was for misconduct—all to cancel his shares and oust him as a shareholder. Those facts are sufficient to present to a jury to determine whether Jones breached his fiduciary duties as an officer and director of Xlear. Accordingly, Defendants' Motion for Summary Judgment is denied.

### Defendants' Motion in Limine to Exclude Evidence Regarding this Court's Prior Summary Judgment Ruling

In their Motion in Limine, Defendants argue that all evidence related to this court's prior summary judgment ruling in favor of Plaintiff on his breach of contract claim should be excluded pursuant to Federal Rule of Evidence 403. (Dkt. No. 65.) Defendants argue that the evidence would be unduly prejudicial and confusing to the jury. The court finds that it is not confusing or unfairly prejudicial to Defendants for the jury to hear the complete story of the dealings between the parties. Defendants' Motion in Limine is therefore denied.

### Plaintiff's Motion for Summary Judgment on Xlear, Inc.'s Counterclaim

Plaintiff seeks summary judgment on the second and third causes of action[1] in Xlear's Counterclaim, arguing that Xlear has failed to provide facts to support the damages element of each claim. (Dkt. No. 67.) Although Xlear will be required to carry its burden at trial of proving damages for its breach of fiduciary duty and tortious interference with business relations claims, the Court finds that Xlear has provided sufficient facts to create a triable issue of fact with

---

[1] Xlear's first cause of action has been rendered moot by the Court's previous ruling on Plaintiff's Motion for Summary Judgment.

2

respect to its damages at this stage. Plaintiff's Motion for Summary Judgment is accordingly denied.

Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment (Dkt. No. 64), Defendants' Motion in Limine (Dkt. No. 65), and Plaintiff's Motion for Summary Judgment (Dkt. No. 67) are all hereby DENIED.

DATED this 6th day of September, 2018.

BY THE COURT:

Dee Benson
United States District Judge