IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIAN CRAIG, an individual,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>XLEAR, INC., a Utah corporation; and<br>NATHAN JONES, an individual,<br><br>　　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br><br>Case No. 2:16-cv-392-DB<br><br>District Judge Dee Benson |

Before the court is Plaintiff's Motion in Limine to Exclude Defendant Xlear, Inc.'s Mass Market Damages and Broker Suit Damages. (Dkt. No. 107.) The Motion has been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the Motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.  DUCivR 7-1(f).

Background

On May 10, 2016, Plaintiff ("Craig") brought this action against his former employer, Xlear, Inc. ("Xlear") and an individual officer of Xlear, Nathan Jones. Craig sued Defendants for cancelling his shares in the company after the termination of his employment, when that cancellation was limited by contract to situations in which his employment termination was "for cause." Defendants defended and Xlear counterclaimed, alleging misconduct by Craig during his tenure with Xlear. Xlear alleged that Craig's mishandling of various accounts during his employment delayed Xlear's transition to a "mass market" marketing strategy (the "Mass Market

Damages"). Xlear also alleged that Craig's misconduct—or conduct outside of the scope of his authority—caused Xlear to incur expenses in litigating and settling lawsuits with third parties (the "Broker Suit Damages").

On May 11, 2018, Craig filed a Motion for Summary Judgment on Xlear's Counterclaim, arguing that Xlear failed to provide facts to support the damages element of each claim. (Dkt. No. 67.) The court denied Craig's motion at that time, stating that "Xlear will be required to carry its burden at trial of proving damages" but that "Xlear ha[d] provided sufficient facts to create a triable issue of fact with respect to its damages at [that] stage." (Dkt. No. 99.)

On March 11, 2019, the Magistrate Judge granted Craig's Motions to Exclude Reports and Testimony of Tad Mancini and Mark Anderson. (Dkt. No. 104.) Mr. Mancini sought to testify regarding the standard for breach of fiduciary duty and that Craig breached his fiduciary duties to Xlear through his conduct with specific brokers. (Mancini Report, Dkt No. 74-1 at 5, 9.) Mr. Anderson sought to testify that Craig's "misconduct and negligent management decisions" caused damage to Xlear by delaying introduction of Xlear's products into the "mass market" or by causing Xlear to lose the value of two-and-a-half years of patent protection. (Anderson Report, Dkt. No. 75-1, ¶¶ 14-15, 19, 28.) Mr. Anderson also sought to provide specific damages calculations related to those categories of damages. (*Id.*, ¶ 19, 22, 28.) The Memorandum Decision and Order of the Magistrate Judge excluded the expert reports and testimony of both Mr. Mancini and Mr. Anderson in their entirety. (Dkt. No. 104.) The court denied Defendants' Objection to the ruling of the Magistrate Judge on May 2, 2019. (Dkt. No. 106.)

Craig now moves the court to exclude from trial any evidence or testimony related to Xlear's theory of Mass Market Damages and Broker Suit Damages. (Dkt. No. 107.) Craig argues

that both categories of damages have been rendered irrelevant and unfairly prejudicial by the court's ruling excluding Defendants' expert witnesses. (*Id.*) Craig further argues that these are Xlear's only categories of damages and that their exclusion would result in judgment in Craig's favor on Xlear's counterclaims.

Discussion

Federal Rule of Evidence 401 allows the admission of evidence that has any tendency to make a fact more or less probable than it would be without the evidence, if that fact is of consequence in determining the action. Fed. R. Evid. 401. "The standard of probability under the rule is 'more probable than it would be without the evidence.'" *Id.*, Advisory Committee Notes. That is, an issue of consequence in the action must be more or less probable with the evidence than without it.

Craig argues that the Mass Market Damages and Broker Suit Damages evidence is irrelevant because, absent the expert testimony that has been excluded, Xlear has insufficient evidence to establish the damages element of its Counterclaim. The court agrees that the Mass Market Damages evidence is irrelevant because the remaining evidence is insufficient to establish damages resulting from the alleged delay to enter the mass market. Defendants' damages expert, who would have provided support and calculations for Xlear's alleged Mass Market Damages, was excluded from testifying by the court's previous rulings. Without expert testimony setting forth the basis and calculation for those damages, Defendants cannot establish their Mass Market Damages theory. Accordingly, evidence related to Mass Market Damages is irrelevant and inadmissible at trial.

With respect to the Broker Suit Damages, the court finds that Xlear's evidence—primarily the settlements amounts themselves—could allow a reasonable fact-finder to find that Defendants have satisfied the damages element of their claim, if admissible. As such, the court finds it is not excludable on relevance grounds.

However, the court nevertheless finds that the Broker Suit Damages should be excluded because "[u]nder Utah law, a party who enters into a private settlement agreement with another may not recover that settlement payment from a third-party." *Chevron Pipe Line Company v. PacifiCorp*, No. 2:12-cv-287-TC, 2017 WL 3913255, at *2 (D. Utah September 6, 2017). The Utah Supreme Court articulated the rule for recovering for a third party settlement in *Zions First National Bank v. Fox and Company*, 942 P.2d 324 (Utah 1997).

In *Zions*, a bank brought indemnification claims for alleged negligence of an accountant and accounting firm after the bank settled a lawsuit brought against it by a third party. The Utah Supreme Court dismissed the case, observing that "[a] trier of fact simply has no practical way to distinguish, in retrospect, what portion of the settlement payment was attributable to Zions' independent liability and what portion, if any, was caused by the conduct of [the accountant and accounting firm]." *Id.* at 326. The Court further noted that "[t]he very nature of settlement is inimical to such an effort at deconstruction after the fact." *Id.*

The Court provided that, to preserve its claims, the bank could have either proceeded to litigation to ascertain the amount of damages attributable to the bank itself and those attributable to the accountant and accounting firm, or it could have brought the accountant and accounting

firm into the lawsuit with the third party "so that they could monitor their own interests."[1] *Id.* at 327. Accordingly, the Court declined to perform an "autopsy" of the bank's settlement with the third party and dismissed the bank's action against the accountant and accounting firm. *Id.*

The same result lies here. It is unworkable for the court, after the fact, to deconstruct Xlear's settlements with the brokers to attempt to determine what portion of those settlements was attributable to Craig and what portion was attributable to Xlear's own actions. As in *Zions*, to engage in that analysis now would "overlook[] the enormous and unfair burdens [Craig] would have to bear in a trial," as Craig was excluded from any participation in the original actions. *Id.* at 326. Furthermore, even if the court were to attempt such a deconstruction, Xlear has no remaining damages expert to assist the trier of fact in determining the causation of those damages or what amounts are properly attributable to Craig.

Accordingly, the court hereby grants Craig's Motion in Limine and excludes all evidence of Xlear's Mass Market damages and Broker Suit damages. The court has not been presented with any other evidence of damages that would support that essential element of Xlear's remaining counterclaims. Accordingly, the court reconsiders its previous denial of summary judgment with respect to damages, and grants judgment in favor of Craig with respect to Xlear's Counterclaim, as no reasonable fact-finder could now find that Xlear has satisfied the element of damages essential to its claims.

---

[1] This result is consistent with Federal Rule of Civil Procedure 13(a), which requires that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party...." Fed. R. Civ. P. 13(a). "[I]f a compulsory counterclaim is not brought, the claim is later barred." *Avemco Ins. Co. v. Cessna Aircraft Co.*, 11 F.3d 998, 1000 (10th Cir. 1993). The Tenth Circuit has held that, at least under some circumstances, a claim for indemnification or contribution of a settlement paid to a third party is a compulsory counterclaim that is barred if not brought in the initial lawsuit. *Id.*

<u>Conclusion</u>

For the foregoing reasons, Craig's Motion in Limine is hereby GRANTED, and Xlear's Counterclaims are hereby DISMISSED.


DATED this 24th day of September, 2019.


BY THE COURT:

Dee Benson
United States District Judge